UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**CLAIRE SILVA**
Plaintiff

CA 08 151S

**v.**

**YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER RHODE ISLAND, INC.; YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF THE USA & YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER RHODE ISLAND, INC., NEW ENGLAND COUNCIL**
Defendants

# COMPLAINT

## INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **CLAIRE SILVA** (hereinafter "Plaintiff" or "SILVA") against **YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER RHODE ISLAND, INC.**; **YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF THE USA;** and **YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER RHODE ISLAND, INC., NEW ENGLAND COUNCIL** (hereinafter "Defendants" or "Employers") in order to remedy and seek relief for retaliation and discrimination based on gender and disability, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; The Americans with Disabilities Act, 42 U.S.C. §12117; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and other laws.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 2201, and 2202; 42 U.S.C.S. §§2000e-1 et seq.; R.I.G.L. 28-5-24.1.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's federal law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Pursuant to 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), venue is proper in this district because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' local executive office and principal place of business, the Young Women's Christian Association of Greater Rhode Island, Inc., located at 324 Broad Street, Central Falls, Rhode Island 02863.

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendants, at their local Rhode Island local office, but for the Defendants' unlawful practices.

4. On or about September 19, 2007, Silva filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging retaliation and that she had been discriminated against on the basis of her gender, disability and medical leave status—RICHR #08 ESE 077-50/01; EEOC #16J-2007-00417.

5. The RIHRC and the EEOC subsequently issued Notices of Right to Sue. (Attachment A&B.)

6. Plaintiff has filed this action within ninety (90) days of her receipt of federal and state Right to Sue notifications, and has fulfilled all conditions precedent to the institution of this action under federal and/or state law.

**THE PARTIES**

7. The Plaintiff, Claire Silva ("Silva" or "Plaintiff"), an individual, is a resident of the town of Norwich, Connecticut.

8. Plaintiff Silva is a "person" within the meaning of R.I.G.L. §§28-5-6 (1), et seq.; is an employee within the meaning of 42 U.S.C.S. 2000e(f) and R.I.G.L. 28-5-6 (C); and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a).

9. On information and belief, the Defendant Young Women's Christian Association of Greater Rhode Island, Inc. is a non-profit domestic corporation that

provides services and education throughout the Rhode Island area, and maintains a principal place of business located 324 Broad Street; Central Falls, Rhode Island. The Defendant Young Women's Christian Association of Greater Rhode Island, Inc. is the local organization to its parent corporation, Defendant Young Women's Christian Association of the USA, which is located at 1015 18th Street, NW, Suite 1100, Washington, DC 20036. Defendant Young Women's Christian Association of Greater Rhode Island, Inc. is also a member of the regional organization, Defendant Young Women's Christian Association, Inc, New England Regional Council, which maintains a principal place of business located at 398 Beech Hill Road, Auburn, ME, 04210.

10. On information and belief, the Defendants are sufficiently joined and intertwined in terms of corporate direction, policies, bylaws, financial direction, workplace policies and practices, and other indicia of ownership and control to be determined a single employer, or in the alternative, joint employers for the purposes of all claims at issue in this action, and to be held jointly and severally liable.

11. At all times material to the allegations of this Complaint, Defendants have continuously, and do now, employ at least 100 or more employees in the State of Rhode Island.

12. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of pertinent federal statutes.

13. At all times material to the allegations of this Complaint, the Defendants were and are "Employers" or otherwise come within the provisions of federal and state statutes pertinent to this action, including the RIFEPA, Title VII, the ADA, and any other pertinent statutes.

**FACTS APPLICABLE TO EACH COUNT**

14. Silva is a female.

15. Silva worked for the Defendants for approximately 2 years.

16. Silva was compelled by the Defendants to resign her position on or about March 1, 2007.

17. At the time cited in Paragraph 16, Silva held the position of Executive Director.

18. During all times pertinent to Silva's employment, Silva maintained a positive employment record, meeting the Defendants' legitimate performance expectations.

19. During Silva's tenure of employment, she was compelled to work in an environment characterized by a discriminatory bias based on gender.

20. This conduct included but was not limited to, the Defendants' Board of Directors establishing working conditions which discriminated against male employees.

21. Silva objected to this misconduct and made it clear that she did not condone or wish to participate in any behavior indicating a bias based on gender.

22. As a result of Silva's objections, Silva was subject to retaliation and harassment by the Defendants.

23. On or about January 31, 2007, Silva informed the Defendants that she had been directed by her physician to take a medical leave of absence.

24. Silva suffered from stress and anxiety which impacted her ability to concentrate, sleep, and to perform certain work related functions.

25. At all times, except the time Silva was absent due to being on an approved medical leave, she was able to perform the essential functions of her position, with or without reasonable accommodation.

26. On or about February 9, 2007, the Defendants locked Silva out of the office and suspended her without pay for the pre-textual reason of not attending an

office meeting and failing to present the Employer appropriate medical documentation regarding her medical leave.

27. Silva was not allowed to return to work after February 9, 2007, and was compelled by the Defendants to resign her employment on or about March 1, 2007.

28. As a result of the medical leave referenced in Paragraph No. 24, Silva's disability/the Employers' perception of Silva as being disabled, and in retaliation for Silva's complaints regarding what she reasonably believed to be discriminatory employer policies based on gender, Silva was subject to the conduct outlined in Paragraph 26, above.

29. The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal laws intended to prevent employment discrimination based on gender and disability/medical leave status, and have retaliated against the Plaintiff for reporting what she reasonably perceived to be misconduct in the workplace.

30. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment

as a result of her gender and disability/medical leave status, and because she complained regarding what she reasonable believed to be unlawful workplace conduct.

31. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of Defendants, with respect to the allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

32. The wrongful actions by Defendants that Silva complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. § 28-5-1 et seq.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**CONSTRUCTIVE TERMINATION**
**AND RETALIATION BASED ON GENDER AND DISABILITY**

33. Paragraphs 1-32 above are herein incorporated by reference in their entirety.

34. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of the RIFEPA.

35. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender and disability;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender and disability;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

36. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Silva's gender and disability. Such practices include, but are not limited to, Defendants':

a.) subjecting Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender and disability;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender and disability; and

d.) constructively terminating Plaintiff.

37. But for the Defendants' intent to discriminate against Plaintiff because of her gender and disability, and because she complained about what she reasonably perceived to be unlawful conduct in the workplace, the Defendants would not have subjected her to discriminatory terms and conditions of employment, retaliated against her, and constructively terminated her.

38. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000, ET SEQ.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**CONSTRUCTIVE TERMINATION**
**AND RETALIATION BASED ON GENDER**

39. Paragraphs 1-32 above are herein incorporated by reference in their entirety.

40. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

41. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

e.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

f.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

g.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

h.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

42. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Silva's gender. Such practices include, but are not limited to, Defendants':

a.) subjecting Plaintiff to discriminatory terms and conditions of employment;

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender; and

c.) constructively terminating Plaintiff.

43. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, retaliated against her, or constructively terminated her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

44. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. SECTION 12117**
**CONSTRUCTIVE TERMINATION**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**BASED ON DISABILITY/PERCEPTION OF DISABILITY**

45. Paragraphs 1-32, above, are herein incorporated by reference in their entirety.

46. At all times material to the allegations of this Complaint, except while on approved medical leave, Silva was able to perform the essential duties of her position, and did so at all times in a satisfactory manner.

47. The Defendants have engaged in unlawful employment practices in violation of the ADA, Sections 102(a), 102(b)(1), and 102(B)(5)(b), 42 U.S.C. Sections 12112(a), 12112(b)(1), and 12112(b)(5)(B), and other sections.

48. The unlawful practices engaged in by the Defendants include, but are not limited to Defendants constructive discharge of Silva because she suffered from a disability or because Defendants perceived her as suffering from a chronic medical impairment; Defendants subjecting Silva to discriminatory terms and conditions of employment; and Defendants retaliating against Silva because she suffered from a medical impairment or because Defendants perceived her as suffering from a medical impairment.

49. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations based on Silva's medical impairment and/or

upon Defendants' perception that Silva suffered from such an impairment. Such practices include, but are not limited to, Defendants:

e.) constructively terminating Silva;

f.) retaliating against Silva for asserting her rights to be free from discrimination; and

g.) subjecting Silva to discriminatory terms and conditions of employment.

50. But for the Defendants' intent to discriminate against Plaintiff because of her disability and/or what the Defendants perceived to be her disability, Defendants would not have constructively terminated Plaintiff or subjected her to discriminatory terms and conditions of employment, or retaliated against her.

51. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT IV**
**FEDERAL FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. §2601 et seq.**

52. Paragraphs 1-32 are incorporated herein by reference in their entirety.

53. At all times material to the allegations of this Complaint, Defendants have continuously been engaged in an industry affecting commerce within the meaning of §101(1) of the federal Family and Medical Leave Act (FMLA).

54. At all times material to the allegations of this Complaint, the Defendants were employers within the meaning of §101(4) of the FMLA.

55. The Plaintiff qualified as an eligible employee under §101(2) of the FMLA.

56. The Plaintiff was entitled to a total of 12 work weeks of medical leave under the provisions of the FMLA.

57. Within 12 weeks of her statutorily protected leave period, Plaintiff sought to return to her position or to a substantially equivalent position.

58. The Defendants refused to return the Plaintiff to her position, despite its obligation to do so, thereby violating the provisions of the FMLA.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

---

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender, disability and/or medical leave status;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Claire Silva
By Her Attorney,

Stephen T. Fanning

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)