**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CLAIRE SILVA,**<br>**Plaintiff**<br><br>**v.**<br><br>**YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER RHODE ISLAND, INC.; YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF THE USA; and YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER RHODE ISLAND, INC., NEW ENGLAND COUNSEL,**<br>**Defendants** | : | **C.A. No.: 08-151 S** |

Defendant YWCA Greater Rhode Island, Inc., s/h/a Young Women's Christian Association of Greater Rhode Island, Inc. ("YWCAGRI"), by and through its attorneys, Jackson Lewis LLP, for its Answer to Plaintiff's Complaint herein states as follows:

**AS TO THE "INTRODUCTORY STATEMENT"**

Defendant denies each and every allegation set forth in the "Introductory Statement/Nature of the Action" Unnumbered Paragraph of the Complaint, except admit that Plaintiff commenced an action against Defendant.

**AS TO "JURISDICTION AND VENUE"**

1) Defendant denies each and every allegation set forth in Paragraph 1 of the Complaint, except admits that Plaintiff purports to invoke this Honorable Court's jurisdiction.

2) Defendant denies each and every allegation set forth in Paragraph 2 of the Complaint, except admits that Plaintiff purports to invoke the supplemental jurisdiction of this Court pursuant to, *inter alia*, 28 U.S.C. § 1367(a).

3) Defendant denies each and every allegation set forth in Paragraph 3 of the Complaint and its subparts, except admits that Plaintiff purports to invoke venue within this Court pursuant to allegations of unlawful employment practices taking place within the state of Rhode Island.

4) Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 4 of the Complaint.

5) Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 5 of the Complaint.

6) Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 6 of the Complaint.

**AS TO "PARTIES"**

7) Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, except admits that Plaintiff is an individual.

8) Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint, except states that to the extent the allegations in Paragraph 8 constitute conclusions of law, no response thereto is required.

9) Defendant YWCAGRI denies each and every allegation set forth in Paragraph 9 of the Complaint, except admits that it is a non-profit domestic corporation that

provides services and education through out the Rhode Island area and maintains a principal place of business at 324 Broad Street, Central Falls, Rhode Island.

10) Defendant denies each and every allegation set forth in Paragraph 10 of the Complaint.

11) Defendant denies each and every allegation set forth in Paragraph 11 of the Complaint.

12) Defendant denies each and every allegation set forth in Paragraph 12 of the Complaint.

13) Defendant denies each and every allegation set forth in Paragraph 13 of the Complaint.

**AS TO "FACTS APPLICABLE TO EACH COUNT"**

14) Defendant admits Paragraph 14 of the Complaint.

15) Defendant admits Paragraph 15 of the Complaint.

16) Defendant denies each and every allegation set forth in Paragraph 16 of the Complaint, except admits that Defendant voluntarily resigned on or about March 1, 2007.

17) Defendant admits Paragraph 17 of the Complaint.

18) Defendant denies each and every allegation set forth in Paragraph 18 of the Complaint.

19) Defendant denies each and every allegation set forth in Paragraph 19 of the Complaint.

20) Defendant denies each and every allegation set forth in Paragraph 20 of the Complaint.

21) Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint, except admits that Plaintiff voiced an objection to her perceived gender bias.

22) Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

23) Defendant admits Paragraph 23 of the Complaint.

24) Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 24 of the Complaint.

25) Defendant denies the allegation set forth in Paragraph 25 of the Complaint and further denies that Plaintiff ever requested a reasonable accommodation.

26) Defendant denies each and every allegation set forth in Paragraph 26 of the Complaint.

27) Defendant denies each and every allegation set forth in Paragraph 27 of the Complaint.

28) Defendant denies each and every allegation set forth in Paragraph 28 of the Complaint.

29) Defendant denies each and every allegation set forth in Paragraph 29 of the Complaint.

30) Defendant denies each and every allegation set forth in Paragraph 30 of the Complaint.

31) Defendant denies each and every allegation set forth in Paragraph 31 of the Complaint.

32) Defendant denies each and every allegation set forth in Paragraph 32 of the Complaint.

**AS TO COUNT I**

**"RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT – R.I.G.L. §28-5-1, *et seq.*"**

33) Defendant repeats and re-alleges its responses to Paragraphs 1-32 inclusive of the Complaint as though fully set forth herein in response to Paragraph 33 of the Complaint.

34) Defendant denies each and every allegation set forth in Paragraph 34 of the Complaint.

35) Defendant denies each and every allegation set forth in Paragraph 35 of the Complaint, including each and every allegation set forth in subparts "a" through "d."

36) Defendant denies each and every allegation set forth in Paragraph 36 of the Complaint, including each and every allegation set forth in subparts "a" through "d."

37) Defendant denies each and every allegation set forth in Paragraph 37 of the Complaint.

38) Defendant denies each and every allegation set forth in Paragraph 38 of the Complaint.

**AS TO COUNT II**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. §2000, *et.seq.***

39) Defendant repeats and re-alleges its responses to Paragraphs 1-38 inclusive of the Complaint as though fully set forth herein in response to Paragraph 39 of the Complaint.

40) Defendant denies each and every allegation set forth in Paragraph 40 of the Complaint.

41) Defendant denies each and every allegation set forth in Paragraph 41 of the Complaint, including each and every allegation set forth in subparts "e" through "h" [*sic*].

42) Defendant denies each and every allegation set forth in Paragraph 42 of the Complaint, including each and every allegation set forth in subparts "a" through "c."

43) Defendant denies each and every allegation set forth in Paragraph 43 of the Complaint.

44) Defendant denies each and every allegation set forth in Paragraph 44 of the Complaint.

**AS TO COUNT III**

**AMERICANS WITH DISABILITIES ACT – 42 U.S.C. §12117**

45) Defendant repeats and re-alleges its responses to Paragraphs 1-44 inclusive of the Complaint as though fully set forth herein in response to Paragraph 45 of the Complaint.

46) Defendant denies each and every allegation set forth in Paragraph 46 of the Complaint.

47) Defendant denies each and every allegation set forth in Paragraph 47 of the Complaint.

48) Defendant denies each and every allegation set forth in Paragraph 48 of the Complaint.

49) Defendant denies each and every allegation set forth in Paragraph 49 of the Complaint, including each and every allegation set forth in subparts "e" through "g" [*sic*].

50) Defendant denies each and every allegation set forth in Paragraph 50 of the Complaint.

51) Defendant denies each and every allegation set forth in Paragraph 51 of the Complaint.

**AS TO COUNT IV**

**FEDERAL FAMILY AND MEDICAL LEAVE ACT – 29 U.S.C. §2601 *et. seq.***

52) Defendant repeats and re-alleges its responses to Paragraphs 1-51 inclusive of the Complaint as though fully set forth herein in response to Paragraph 52 of the Complaint.

53) Defendant denies each and every allegation set forth in Paragraph 53 of the Complaint.

54) Defendant denies each and every allegation set forth in Paragraph 54 of the Complaint.

55) Defendant denies each and every allegation set forth in Paragraph 55 of the Complaint.

56) Defendant denies each and every allegation set forth in Paragraph 56 of the Complaint.

57) Defendant denies each and every allegation set forth in Paragraph 57 of the Complaint.

58) Defendant denies each and every allegation set forth in Paragraph 58 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that judgment be entered in favor of Defendant on all Counts so alleged, that Plaintiff's Prayer for Relief be denied in its entirety and with

prejudice against Plaintiff, together with such other and further relief as my be deemed just, proper and equitable in the premises, including an award of costs to Defendant.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff’s Complaint should be dismissed because it fails to state, in whole or in part, a cause of action upon which relief could be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to satisfy the statutory prerequisites for filing such claims.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff’s Complaint should be dismissed because at all times relevant hereto, Defendant acted in good faith and for good cause and has not violated any rights which may be secured to Plaintiff under Federal, State or local laws, rules, regulations or guidelines.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to make diligent and good faith efforts to mitigate her damages, if any, and as such, any demand for relief requested by Plaintiff should be denied.

**SIXTH AFFIRMATIVE DEFENSE**

One or more of Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches consent, duress, illegality, license, payment, release res judicata, arbitration and award, discharge in bankruptcy, or injury by fellow servant.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the election of remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Rhode Island Workers' Compensation Laws and/or the Connecticut Workers' Compensation Laws.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed because all actions, if any, taken by Defendant with respect to Plaintiff were undertaken in good faith for legitimate business reasons unrelated to Plaintiff's gender or any real or perceived disability.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not an individual with a "disability" as defined by the ADA or under state law.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants never treated, perceived or regarded Plaintiff as an individual who was disabled.

## TWELFTH AFFIRMATIVE DEFENSE

Even if any decision which affected Plaintiff's employment was motivated in part by Plaintiff's assertion that the YWCAGRI's policy toward men was unlawful, or by her alleged disabilities, which they were not, Defendant would have taken the same course of action regardless of Plaintiff's assertions, disabilities or claims of disabilities.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff never requested an accommodation for her alleged "disability."

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy the statutory prerequisites for filing such claims.

**WHEREFORE**, Defendant respectfully requests that this Court:

a) Dismiss Plaintiff's Complaint in its entirety and all claims for relief set forth therein, with prejudice;

b) Deny each and every demand for relief as set forth in Plaintiff's Complaint;

c) Grant such other and further relief as this Court deems appropriate; and any and all other damages, together with interest, incurred by Defendant in defending against this baseless and frivolous action.

Respectfully submitted,

JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903
(401) 490-3444
(401) 454-7702 (Fax)

By: __/s/ Anthony J. DiOrio______________
Anthony J. DiOrio (Bar No. 3419)

By: __/s/ Rebecca McSweeney____________
Rebecca McSweeney (Bar No. 4020)

ATTORNEYS FOR DEFENDANT YMCA GREATER RHODE ISLAND, INC. s/h/a YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER RHODE ISLAND

August 20, 2008
Providence, Rhode Island

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

------------------------------------------------------------ X
**CLAIRE SILVA,** :
**Plaintiff** :
:
**v.** : **C.A. No.: 08-151 S**
:
**YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER RHODE ISLAND, INC.; YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF THE USA; and YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER RHODE ISLAND, INC., NEW ENGLAND COUNSEL,** :
**Defendants** :
------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that Defendant's Answer to Plaintiff's Complaint has been filed electronically and that it is available for viewing and downloading from the ECF system, this 20th day of August, 2008.

/s/ Rebecca McSweeney (#4020)